IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LAWRENCE DIXON #1751862 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1242 |
| ROBERT L. BROWNE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Lawrence Dixon, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer Robert Browne, the Texas Department of Criminal Justice, and the Hodge Unit Administration.

**I. The Plaintiff's Claims**

Dixon complains of a use of force which allegedly occurred on June 9, 2016, when he states that he was assaulted and thrown to the ground by Officer Browne. He contends that TDCJ and the Hodge Unit administration should be held liable for unlawful conduct, but does not elaborate. Dixon signed his complaint on October 19, 2016.

**II. The Report of the Magistrate Judge**

The Magistrate Judge observed that Dixon has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Dixon v. Zeem*, civil action no. 3:16cv1048, 2016 WL 2903267 (N.D.Tex., dismissed as frivolous May 18, 2016, no appeal taken) (stating that "this dismissal counts as a third strike under the *in forma pauperis* statute.") As a result, Dixon cannot proceed *in forma pauperis* unless he

1

shows that he is in imminent danger of serious physical injury as of the date of the filing of the lawsuit. 28 U.S.C. §1915(g); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

The Magistrate Judge stated that the "imminent danger" contemplated by the statute must be "real and proximate," and allegations of past harm do not suffice. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). Dixon did not allege, much less show, that he was in imminent danger as of the time he filed the lawsuit; instead, the Magistrate Judge observed that his allegation of a use of force four months earlier was a past harm, not a genuine emergency where time is pressing. *Baños*, 144 F.3d at 885 (allegations that guards sexually harassed prisoner and used excessive force at some time in the past did not meet the imminent danger exception; *Abdul-Akbar*, 239 F.3d at 315 (claim of having been pepper-sprayed in the past did not show imminent danger).

The Magistrate Judge also stated that prisoners seeking to invoke the exception must allege specific facts showing imminent danger. *Hyder v. Obama*, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31300 (E.D.Tex., March 11, 2011, *Report adopted at* 2011 U.S. Dist. LEXIS 31288 (E.D.Tex., March 24, 2011). Because Dixon did not pay the full filing fee nor show he was in imminent danger of serious physical injury at the time he filed the complaint, the Magistrate Judge recommended that the lawsuit be dismissed.

### III. Dixon's Objections to the Report

In response to the Report, Dixon filed a document which he styled as a "motion for waiver of court fees." In the interest of justice, this pleading will be construed as objections to the Magistrate Judge's Report.

In his pleading, Dixon states that he cannot afford the court fee right now because he does not have anyone willing to send him money. He contends that he did not understand the three strike rule when he filed his previous lawsuits.

Dixon states that his life has been threatened and he has been harassed. At one time, the Hodge Unit administration tried to put another prisoner into his cell with whom Dixon had once had a fight. This other prisoner is a Mexican who is in prison for killing someone and had been on death

row. As a result, Dixon states that he had to refuse housing twice. He again asks that the fees be waived, promising to pay the fees with the settlement from this lawsuit.

**IV. Discussion**

In order to meet the statutory exception in 28 U.S.C. §1915(g), Dixon must offer specific facts showing that he was in imminent danger of serious physical injury at the time of the filing of the lawsuit. *Fuller v. Wilcox*, 288 F.App'x 509, 2008 U.S. App. LEXIS 16581, 2008 WL 2961388 (10th Cir., August 4, 2008), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Valdez v. Bush*, slip op. no. 3:08cv1481, 2008 WL 4710808 (S.D.Tex., October 24, 2008) This Court has previously held "the mere recitation of the phrase 'imminent danger' or 'my life is in danger' does not invoke the exception to §1915(g)." *McClure v. Langley*, civil action no. 5:11cv208, 2012 WL 1900012 (E.D.Tex., May 24, 2012).

The allegations presented in Dixon's objections fall well short of this standard. He not offered any facts sufficient to show that he was in imminent danger of serious physical injury as of the time of the filing of the lawsuit, but instead points to alleged past dangers. Because Dixon has not made such a showing, his lawsuit may be dismissed without an evidentiary hearing or appointment of counsel. *See, e.g., Butler v. Williams*, 476 F.App'x 300, 2012 U.S. App. LEXIS 6152, 2012 WL 987562 (5th Cir., March 26, 2012) (affirming *sua sponte* dismissal of complaint under §1915(g) without a hearing or appointment of counsel, and denying appointment of counsel on appeal).

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 26) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 8) is **DENIED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **19** day of **July, 2017.**

_____
Ron Clark, United States District Judge